ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 No two cases are exactly alike, and while the courts try to express their conclusions in the individual case, so as to correctly state the principles involved, it can never be that one opinion will not be cited in some other case deemed similar, but which both in principle and application may be entirely different. Urging the similarity of his case to Ex parte Patterson and Ex parte Walker, et al., cited in our original opinion, appellant insists that his is a case of an unexplained killing, if any, and also that it is one in which the State depends largely on the testimony of an accomplice, and that the jury on his former trial having only fixed his punishment at life imprisonment,— all these taken together should cause us to reach a different conclusion and that he should be granted bail.
 

 This case seems much stronger on its facts both as to the identity of the accused, his connection with the homicide, and as indicating the evil purpose in the killing, than the Walker, et al., case, supra. That there were no facts stated in the Patterson ease, • supra, was expressly held as one reason for granting bail, the burden being- on the State- to show by facts that the case was nonbailable. So in Walker, et al., supra, attention is called in terms to the fact that neither the death penalty nor
 
 life imprisonment
 
 had been assessed against either relator upon a former trial. In this connection we are cited to no case, and know of none, where the mere fact that on a trial had, the accused was only given a life sentence, has ever been held to be a sufficient reason to call for the subsequent grant of bail.
 

 In the. case before us the motive strongly suggested was robbery, and appellant’s connection with the transaction throughout seems to be abundantly supported. Nothing tending to in anywise mitigate the offense or lessen what would seem to be its punishment, if fairly tried, appears. In such case we uphold the discretion confided to the trial court in the matter of bail. Our presumption is all in favor of the correctness of his ruling.
 

 The motion will be overruled.
 

 Overruled.